(C. D. 1010)

M. A. HOENECKE *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 19, 1946)

Plaintiff not represented by counsel.

*Paul P. Rao,* Assistant Attorney General (*Richard H. Welsh,* special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

CLINE, Judge: In this case plaintiff protests the assessment of duty at 8 cents per bushel under paragraph 726 of the Tariff Act of 1930, as amended by the trade agreement with Canada (T. D. 49752), on unhulled oats, on the ground that they are entitled to free entry under Public Law 211 or Public Law 272.

Public Law 211 (57 Stat. 607) was enacted on December 22, 1943. It provides in part as follows:

*Resolved by the Senate and House of Representatives of the United States of America in Congress assembled,* That notwithstanding the provisions of the Tariff Act of 1930, the following, when imported into the United States from foreign countries, and when entered, or withdrawn from warehouse, for consumption, during the period of ninety days beginning with the day following the date of enactment of this joint resolution, to be used as, or as a constituent part of, feed for livestock and poultry, shall be exempt from duty: Wheat, oats, barley, rye, flax, cottonseed, corn, or hay, or products in chief value of one or more of the foregoing or derivatives thereof: *Provided,* That this Act shall not be construed to authorize the importation of wheat for milling purposes. * * *

SEC. 2. The exemptions from duties provided for by this joint resolution shall be subject to compliance with regulations to be prescribed by the Secretary of the Treasury.

The merchandise herein was imported from Canada and was entered on December 23, 1943. On the consumption entry filed by the importer, under the heading "Tariff" and the subheadings "Paragraph" and "Rate," are found the figures "726" under "Paragraph" and "8¢ Bu." under "Rate." At the trial, M. A. Hoenecke, the importer, stated that he did not know on December 23 that the merchandise was entitled to free entry; that he learned of the existence of Public Law 211 about 4 or 5 days later; and that at some time thereafter he learned of the regulations issued by the Secretary of the Treasury in connection with said public law.

The regulations referred to (Code of Federal Regulations, title 19, chap. I, 79 Treas. Dec. 122, T. D. 50983) are dated December 31, 1943, and were filed with the Division of the Federal Register on January 3, 1944. They supersede those contained in the Department's telegram of December 24, 1943 (hereinafter referred to). Section 58.2 of these regulations provides in part:

58.2 *Entry requirements.* (a) There shall be filed in connection with the entry an affidavit of the importer that the merchandise, which shall be described by name, is imported to be used as, or as a constituent part of, feed for livestock or poultry.

(b) If the product is entered for consumption, there shall also be filed in connection with the entry a bond on customs Form 7551 or 7553, with an added condition, concurred in by the surety, for the payment of duty at the appropriate rate in the event that the proof of required use prescribed by section 58.3 is not produced within 1 year from the date of entry, or any lawful extension of that period. * * * Liquidation of the consumption entries and warehouse entries shall be suspended pending the submission of proof that the merchandise has been used as, or as a constituent part of, feed for livestock or poultry. (Public, No. 211, 78th Congress.)

Section 58.3 provides in part:

58.3 *Proof of use.* (a) Within 1 year from the date of entry (in the case of warehouse entries as well as consumption entries) the importer shall submit an affidavit of the superintendent or manager of the manufacturing plant stating the use to which the article has been put. If the collector is satisfied that the imported product was not used by the importer and was not used in a manufacturing process, but was sold substantially as the imported product to the ultimate user, he may accept as proof of the nature of such use an affidavit of the wholesaler or other person making the final sale of the product. * * *

(b) Upon satisfactory proof of use of the product as, or as a constituent part of, feed for livestock or poultry, the entry shall be liquidated free of duty. When such proof is not filed within 1 year from the date of entry or any authorized extension of the period of the bond, the entry shall be liquidated with the assessment of duty at the appropriate rate under the proper provision of the tariff act. (Public, No. 211, 78th Congress.)

Mr. Hoenecke testified that he did not file the preliminary affidavit required by section 58.2 because he assumed that it had to be filed at the time of entry (which was prior to the time when he learned of the regulation). However, he never tendered such an affidavit nor did he ask the customs officials whether he had to file the affidavit *with* the entry, but he did state that in other cases where he had failed to file such an affidavit the customs officials notified him of the omission and he then sent it over to them.

Whether or not the proof-of-use affidavit required by section 58.3 was filed in this case is not clear. Mr. Hoenecke stated at one time at the trial that he did not file it and at another that he did. He also stated in his brief that such an affidavit had been filed and accepted. No proof-of-use affidavit is found with the official papers.

Warner H. Clapp, deputy collector at Minneapolis, testified that he received a telegram from the Bureau in Washington dated December 24, 1943, stating that Public Law 211 had been approved. The telegram was marked in evidence and reads as follows:

Public Law 211 approved December 22 provides free entry following products entered or withdrawn from warehouse during 90 day period beginning December 23 to be used as or as constituent part of feed for livestock and poultry colon wheat oats barley rye flax cottonseed corn or hay or products in chief value of one or more of the foregoing or derivatives thereof stop free entry not applicable to wheat for milling to flaxseed or cottonseed for oil milling or to other product to be used or processed for other than feed purposes but may be applicable derivatives such as feed flour linseed meal or cottonseed meal and products chief value thereof or of named products stop importations hereunder subject existing quota requirements stop release admissible products without deposit duty subject to procedure section 10 point 84 customs regulations 1943 so far as practicable.

Edward F. Flynn, assistant collector of customs at Minneapolis, stated that he first learned of the regulations issued by the Secretary of the Treasury when he received on January 14 the issue of TREASURY DECISIONS, dated January 6, 1944. He further stated that the affidavit required by section 58.2 does not have to be filed at the time of entry and is acceptable any time within 1 year and prior to liquidation.

Plaintiff apparently bases his case on the theory that since at the time of entry on December 23, 1943, he did not know of any regulation requiring the filing of an affidavit showing the intended use of the product, he is excused from filing it and his merchandise is exempt from duty. However, section 58.2 provides that the preliminary affidavit shall be filed "in connection with the entry," not "at the time of entry," and plaintiff's own testimony indicates that in other cases he filed such an affidavit after entry. Since section 58.2 had not been issued on December 23, it cannot be held that plaintiff was required to file an affidavit at that time, but he is not excused from filing it thereafter if he wished to take advantage of the exemption. Where,

as here, exemptions from duty are granted subject to compliance with regulations to be prescribed by the Secretary of the Treasury, the regulations are a condition precedent to the right accorded and strict compliance is required. *United States* v. *Morris European & American Express Co.*, 3 Ct. Cust. Appls. 146, T. D. 32386; *United States* v. *Ricard-Brewster Oil Co.*, 29 C. C. P. A. 192, C. A. D. 191.

Moreover, in the instant case, the preliminary affidavit was necessary to advise the collector that a claim for free entry was being made. There was nothing on the entry itself to show that, and he had no way of knowing whether or not plaintiff's merchandise was to be used for feed for livestock or poultry. He was not required to hold up liquidation for 1 year on the chance that a proof-of-use affidavit would be filed. The regulation, therefore, is a reasonable and necessary one and must be complied with.

We hold that the merchandise herein is not entitled to free entry since plaintiff failed to file the preliminary affidavit required by section 58.2 of the regulations, and since there is no proof in the record that the merchandise herein was actually used as, or as a constituent part of, feed for livestock or poultry. Plaintiff stated that there was an affidavit of use, but it was not offered in evidence nor is it among the official papers. The bare allegation of the existence of such a document is not sufficient to constitute proof of its contents.

For the reasons above stated, the protest is overruled and judgment will be rendered in favor of the defendant.