BEFORE THE THIRD DIVISION, JUNE 4, 1947

**No. 51761.**—Protest 111000–K of Geo. S. Bush & Co., Inc. (Portland, Oreg.).

CLINE, Judge:   This is a suit against the United States arising at the port of Portland, Oreg., against the collector's assessment of duty on merchandise in-

voiced as "mixed feed oats." Duty was assessed at the rate of 5 percent ad valorem under paragraph 731, Tariff Act of 1930, as modified by the trade agreement with Canada, T. D. 49752, and it is claimed that the merchandise is entitled to free entry under Public Law 211, approved December 22, 1943 (78th Cong., 1st sess., 57 Stat. 607).

The pertinent provisions of law are as follows:

PAR. 731 [as modified by the trade agreement with Canada, T. D. 49752] Screenings, scalpings, chaff, or scourings of wheat, flaxseed, or other grains or seeds: Unground, or ground, 5 per centum ad valorem.

[Public Law 211] * * * That notwithstanding the provisions of the Tariff Act of 1930, the following, when imported into the United States from foreign countries, and when entered, or withdrawn from warehouse, for consumption, during the period of ninety days beginning with the day following the date of enactment of this joint resolution, to be used as, or as a constituent part of, feed for livestock and poultry, shall be exempt from duty: Wheat, oats, barley, rye, flax, cottonseed, corn, or hay, or products in chief value of one or more of the foregoing or derivatives thereof: * * *

SEC. 2. The exemptions from duties provided for by this joint resolution shall be subject to compliance with regulations to be prescribed by the Secretary of the Treasury.

    *      *      *      *      *      *      *

At the trial, it was stipulated by counsel that William W. Hoadley, assistant chemist at the United States Customs Laboratory at San Francisco, found the following percentages of grains in the samples of these importations:

|  | Entry No. CE 0106 | Entry No. CE 0107 |
|---|---|---|
| Cultivated Oats | 14. 3% | 17. 9% |
| Barley | 4. 3% | 2. 2% |
| Wheat | 3. 8% | 0. 6% |
| Wild oats | 72. 0% | 76. 4% |
| Chaff, weed seeds, etc | 5. 6% | 2. 9% |

Kenneth C. Mecklem, superintendent of shipments of Kerr Gifford & Co., testified that he had seen the merchandise herein when it arrived; that he had seen similar mixtures being produced in the United States at the Kerr Gifford elevator, in connection with the screening of wheat from the fields by means of the Carter disk machine, which separates the wheat from wild oats or other grains; and that the mixture screened from the wheat could not be used for human consumption but is used for feed for livestock.

There were admitted into evidence, as plaintiff's collective exhibit 1, affidavits of P. W. Smith of Kerr Gifford & Co., stating that the shipments in entries CE 0107 and CE 0106, respectively, had been "used as, or as a constituent part of, feed for livestock or poultry."

The official papers include an affidavit of E. H. Lee, Treasurer of Geo. S. Bush & Co., Inc., stating that the shipment in NYC Car 154564 [entry No. CE 0106] was "to be used as, or as a constituent part of, feed for livestock or poultry." No similar affidavit is found as to entry No. CE 0107.

It is apparent that the merchandise herein is similar to that involved in *C. J. Tower & Sons* v. *United States*, 14 Cust. Ct. 94, C. D. 919, which consisted of 10.8 percent cultivated oats, 2.7 percent wheat, 4.1 percent chaff, and 82.4 percent wild or feed oats. We there held that such merchandise was included within the terms of Public Law 211, since Congress intended for the limited period of the statute that all feed grains and their products should be admitted free of duty. The merchandise herein is therefore entitled to free entry, provided that the regulations of the Secretary of the Treasury have been complied with.

Section 58.2, Code of Federal Regulations, title 19, chap. 1 (79 Treas. Dec. 122, T. D. 50983) provides in part:

58.2 *Entry requirements.* (a) There shall be filed in connection with the entry an affidavit of the importer that the merchandise, which shall be described by name, is imported to be used as, or as a constituent part of, feed for livestock or poultry.

There is no evidence that such an affidavit of intended use was filed in connection with entry No. CE 0107. In *M. A. Hoenecke* v. *United States,* 17 Cust. Ct. 4, C. D. 1010, we held that merchandise was not entitled to the exemption provided for in Public Law 211 where the importer failed to file a preliminary affidavit showing intended use. Strict compliance with the regulations is a condition precedent to the right of exemption and although the proof-of-use affidavit provided for in section 58.3 was filed herein, that is not compliance with the requirements of section 58.2, covering the filing of a preliminary affidavit showing intended use.

We hold, therefore, that the merchandise covered by entry No. CE 0106 is free of duty under Public Law 211 (57 Stat. 607) and the protest will be sustained as to that entry. As to entry No. CE 0107, the protest is overruled. Judgment will be rendered accordingly.