ad valorem under paragraph 731 of the Tariff Act of 1930, as modified by the trade agreement with Canada, T. D. 49752. It is claimed that the merchandise is entitled to free entry under Public Law 211 (57 Stat. 607).

When this case was originally before us, we held that the merchandise was similar to that involved in *C. J. Tower & Sons* v. *United States*, 14 Cust. Ct. 94, C. D. 919; that such merchandise was included within the terms of Public Law 211; that it was entitled to free entry, provided the regulations issued by the Secretary of the Treasury had been complied with; that both the preliminary affidavit and the affidavit of use had been filed in connection with entry No. CE 0106; that an affidavit of use had been filed in connection with entry No. CE 0107, but that there was no evidence that an affidavit of intended use had been so filed. The protest was sustained as to entry No. CE 0106 and overruled as to entry No. CE 0107. *Geo. S. Bush & Co., Inc.* v. *United States*, 18 Cust. Ct. 209, Abstract 51761.

Thereafter, a motion for a rehearing was made and granted, and the case was resubmitted on the following stipulation:

It is stipulated that an affidavit of intended use which is a part of the customs file in entry CE 0107, covered by this protest, may be admitted in evidence herein, and that upon this stipulation and the record previously made this protest may be deemed to be submitted for decision.

There is attached to the official papers now submitted an affidavit of intended use sworn to March 4, 1944, the same date as the entry. Since it appears that the importer has filed both the affidavits required by the regulations issued by the Secretary of the Treasury in connection with Public Law 211, we hold that the merchandise covered by entry No. CE 0107 is also entitled to entry free of duty under said public law. Our original decision is modified so as to sustain the protest as to both entries No. CE 0106 and No. CE 0107. Judgment will be rendered accordingly.

**No. 52146.**—Chong Kee Jan & Co. et al. *v.* United States, protests 10702–K, etc. (San Francisco).

Opinion by CLINE, J. It was stipulated that the merchandise consists of kumquats similar in all material respects to those the subject of *United States* v. *Fung Chong Co.* (34 C. C. P. A. 40, C. A. D. 342). In accordance therewith the claim at 1 cent per pound under paragraph 743 was sustained.

**No. 52147.**—Chong Kee Jan & Co. et al. *v.* United States, protests 80534–K, etc. (San Francisco).

Opinion by CLINE, J. It was stipulated that the merchandise consists of kumquats similar in all material respects to those the subject of *United States* v. *Fung Chong Co.* (34 C. C. P. A. 40, C. A. D. 342). In accordance therewith the claim at 1 cent per pound under paragraph 743 was sustained.

**No. 52148.**—Bailey-Mora Company, Inc. *v.* United States, protests 112941–K, etc. (El Paso).