(C. D. 1144)

KERR-GIFFORD & CO., INC. *v.* UNITED STATES

## United States Customs Court, Third Division

(Decided December 9, 1948)

*Lawrence, Tuttle & Harper (Geo. R. Tuttle* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*William J. Vitale,* special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

CLINE, Judge: This is a rehearing of protests, arising at the port of Seattle, against the collector's assessment of duty on mixed-feed oats at the rate of 5 per centum ad valorem under paragraph 731 of the Tariff Act of 1930, as modified by the trade agreement with Canada (T. D. 49752). It is claimed that the merchandise is entitled to free entry under Public Law 211 (57 Stat. 607) and Public Law 272 (58 Stat. 131).

This case was formerly reported in Abstract 52129. It was submitted on a stipulation reading in part as follows:

It is hereby stipulated and agreed by and between counsel for plaintiff and the Assistant Attorney General, attorney for the United States:

1) That the merchandise, scalpings, screenings or mixed feed oats, covered by the protests enumerated in the attached schedule and represented by the items marked "A" on the invoices, and checked by Examiners A. J. Moe and S. S. Birks, Jr., which were assessed with duty under the Tariff Act of 1930 at the rate of 5 percent ad valorem under paragraph 731 as modified by T. D. 49752, is the same in all material respects as the merchandise passed upon in the case of *Tower* v. *US,* CD 919, and therein held free of duty under Public Laws 211 and 272.

2) That said merchandise was imported and entered for consumption under Public Laws 211 and 272, and the proof of use and other documents prescribed by the Secretary of the Treasury in respect to such importations have been duly filed with the collector of customs, except as shown below.

3) That the record in said CD 919 may be incorporated and made a part of the record herein.

4) That at time of entry plaintiff filed with the collector of customs bonds on customs form 7551 or 7553, containing the following provisions:

As a further condition to the attached bond it is hereby agreed by the principal and surety that increased duty will be paid in the event the products are not used for stock-feed purposes.

Also, that the applicable regulations as published in TD 50983, insofar as concerns the filing of bonds with regard to merchandise entered for consumption, read as follows:

58.2 (b) If the product is entered for consumption, there shall also be filed in connection with the entry a bond on customs Form 7551 or 7553, with an added condition, concurred in by the surety, for the payment of duty at the appropriate rate in the event that the proof of required use prescribed by section 58.3 is not produced within 1 year from the date of entry, or any lawful extension of that period. If the importer has on file a general term bond for the entry of merchandise, the conditionally free merchandise may be charged against such bond, provided there is added thereto, with the concurrence of the surety, the before-mentioned condition. * * *

5) That the claims in the protests are limited to the items of merchandise marked with the letter "A" as aforesaid and are further limited to the quantities of said merchandise referred to below under the title "Regulations complied with as to the following weights" and that by the term "Regulations complied with as to the following weights" it is meant that the affidavit of the importer, as described in Article 58.2 of TD 50983, and the affidavit of use, as described in Article 58.3 of TD 50983, were properly filed:

| Protest number | Entry number | Regulations complied with as to the following weights | Balance of weight as imported |
|---|---|---|---|
| 111801K/17669 | 0786–K | all | none |
| 114502K/17736 | 01046 | 79, 610# | 390# |
| | 01150 | all | none |
| | 01739 | 80, 000# | 900# |
| | 01747 | all | none |
| | 01826 | 80, 000# | 60# |

6) Upon this stipulation the protests are submitted.

Plaintiff waives the right to amend further and the first docket call.

It is further affirmed by the undersigned, George R. Tuttle, of the firm of Lawrence, Tuttle & Harper, attorneys for the plaintiff, that he has personally examined the protests covered by this stipulation and of his own knowledge certifies that the said protests have been duly signed and filed within the statutory time.

When the case was first before us, no briefs were filed and we sustained the protests, holding that the merchandise referred to under the title "Regulations complied with as to the following weights" was free of duty as claimed.

Thereafter a motion for rehearing with supporting memoranda was made and granted by the court, and the case was resubmitted for further consideration and decision.

The Government claims that the merchandise is not entitled to free entry under Public Laws 211 and 272 because there was not full compliance with the applicable regulations. Section 58.2 (b) of the regulations issued under those statutes (T. D. 50983), provides that a bond shall be filed on customs Form 7551 or 7553 "with an added condition, concurred in by the surety, for the payment of duty at the

appropriate rate in the event that the proof of required use prescribed by section 58.3 is not produced within 1 year from the date of entry, or any lawful extension of that period." The bond which was given in this case contained a somewhat different provision, namely:

As a further condition to the attached bond it is hereby agreed by the principal and surety that increased duty will be paid in the event the products are not used for stock-feed purposes.

The Government claims that this provision does not meet the requirements of the regulation since to guarantee the use of the merchandise is not the same as guaranteeing the filing of the required documents. Plaintiff contends, on the other hand, that the principal and the surety have bound themselves to pay duty "in the event the products are not used for stock-feed purposes"; that they cannot be relieved of the condition unless they do submit proof of use; and that, therefore, the requirements of the regulations have been met.

On reconsidering the case, we do not believe that the condition in the bond conforms to the requirement made by the regulations, as there is one contingency which is not covered. The merchandise might be actually used for feed for livestock but the importer might neglect to file the required documents within 1 year. Since the filing of the affidavits of intended use and proof of use is a condition precedent to the exemption allowed by the statute (*M. A. Hoenecke* v. *United States*, 17 Cust. Ct. 4, C. D. 1010), the merchandise would be dutiable were they not filed. However, should the collector try to recover on the bond, he might be met with evidence that the condition of the bond had been complied with in that the products had been used for stock-feed purposes.

The regulations herein were issued by the Secretary of the Treasury under specific provisions of the statutes and are therefore mandatory, unless they are unreasonable or render inoperative a right accorded by Congress. *United States* v. *Morris European & American Express Co.*, 3 Ct. Cust. Appls. 146, T. D. 32386; *United States* v. *Ricard-Brewster Oil Co.*, 29 C. C. P. A. 192, C. A. D. 191; *Campbell* v. *United States*, 107 U. S. 407; *United States* v. *R. H. Comey Brooklyn Co.*, 16 Ct. Cust. Appls. 248, T. D. 42843; *M. A. Hoenecke* v. *United States*, *supra*; *Kerr-Gifford & Co., Inc.* v. *United States*, 15 Cust. Ct. 187, C. D. 969.

The statutes herein provided for free entry for certain commodities which were imported "to be used as, or as a constituent part of, feed for livestock and poultry." The purpose of the enactments was to make available feed for the livestock of the country during a period of drought causing shortages when increased production of livestock and poultry was demanded because of war conditions. *C. J. Tower & Sons* v. *United States*, 14 Cust. Ct. 94, C. D. 919. It is clear that the exemption was intended to cover merchandise that was actually used

as feed for livestock or poultry during the period of shortage. The exemptions were granted "subject to compliance with regulations to be prescribed by the Secretary of the Treasury." The preliminary affidavit required by such regulations is necessary to advise the collector when a claim for free entry is being made so that liquidation may be suspended, and the affidavit of use informs him that the merchandise was actually used for feed for livestock or poultry. It is also reasonable to require that such affidavit be filed within a limited period, so that liquidation may not be held up indefinitely. Since these affidavits are reasonable and necessary to the proper administration of the law, the requirement that the bond be conditioned upon the filing of such documents is also reasonable and does not deprive the importer of any right accorded by Congress. Moreover, such a bond is necessary to protect the revenue.

We hold, therefore, that the importer has failed to comply with mandatory regulations issued by the Secretary of the Treasury under the provisions of Public Law 211 and Public Law 272 and that, consequently, the merchandise is not entitled to free entry under those statutes. The protests are overruled and judgment will be rendered accordingly.