GAUSSEN (UNITED STATES v.). See Case No. 15,192.

## Case No. 5,277.

### GAUTHIER v. BELL.

[23 Int. Rev. Rec. 210; 2 Cin. Law Bul. 153.]

Circuit Court, E. D. Michigan. 1877.

CUSTOMS DUTIES — "FISH, FRESH FOR IMMEDIATE CONSUMPTION"—FISH FROZEN IN CANADA.

1. Fresh fish imported frozen together in barrels or large cakes are not "fish, fresh for immediate consumption," within the meaning of Rev. St. § 2505, and therefore not exempt from duty.

2. Though originally caught in American waters and frozen in Canada they are still subject to duty, unless upon importation proof of identity be made under the treasury regulations.

This was an action [by Charles W. Gauthier] against [Digby V. Bell] the collector of the port of Detroit, to recover duties alleged to have been illegally exacted upon certain imported fish. Plaintiff was in the habit of purchasing fish caught in the Detroit river

and Lake Erie, and of freezing them in barrels or large cakes and exporting them to Detroit, where they were put upon the market or shipped in this frozen condition to distant cities and sold as fresh fish. Plaintiff claimed them to be free of duty under Rev. St. § 2505, which exempts from duty "fish, fresh, for immediate consumption." Defendant upon the other hand claimed them subject to a duty of 50 cents per 100 pounds under section 2504, Sched. F.

F. H. Canfield, for plaintiff.
S. M. Cutcheon, Dist. Atty., for defendant.

BROWN, District Judge. Although the fish in question are frozen in barrels or in large pans in a solid mass or cake, I think they are still to be considered as fresh fish. This term is obviously used in contradistinction to fish which are cured, salted, smoked, dried, pickled, or otherwise rendered capable of preservation for an indefinite length of time. The testimony shows clearly that frozen fish retain their flavor so long as the temperature is preserved below the freezing point, and that they are sold in the market and known to the trade as fresh fish.

The only difficulty in this case arises from the use of the words "for immediate consumption." While I am strongly inclined to the opinion that fish imported in their natural state, whether to be sold upon the market at the place of importation or to be shipped to distant towns, would still be for immediate consumption, I think the fact of their being frozen in cakes prior to their importation evinces a manifest intention that they shall not be immediately consumed. While these importations were sometimes broken up and placed at once upon the market at Detroit, they were more frequently shipped to Cincinnati and Philadelphia in common cars, and there put upon the market and sold. It was shown that fish so frozen could be kept for months, and even years, with no material loss of flavor or perceptible decay, and that, in the winter, it was no uncommon thing for them to be kept for two or three months, the length of time, of course, depending upon the state of the weather. Under these circumstances, I think they cannot be classified as fresh fish for immediate consumption.

A portion of these fish were originally caught in American waters, carried to Canada for the purpose of being frozen, and a bond given to the Canadian customs for their re-exportation to the United States. It was claimed that even under Schedule F, § 2504, these were exempt, as this schedule applies only to "foreign caught" fish I think the fish in question fall within the provision of section 2505, p. 486, viz.: "Articles of growth, produce and manufacture of the United States, when returned in the same condition as when exported, but proof of identity of such articles shall be made under regulations prescribed by the secretary of the treasury." These regulations are contained in the printed copy of the general regulations, art. 373–377, and it was admitted they had not been complied with. This was an indispensable prerequisite to their admission free of duty. It was not the intention of congress by the use of the words "foreign caught," to place domestic fish in a category distinct from that of other articles of home production, or to dispense with the proof of identity required in all other cases and so necessary to prevent fraud. There must be a judgment for defendant.