## (C. D. 1407)

### Rich's, Inc. *v.* United States

United States Customs Court, Third Division

(Decided April 24, 1952)

*Tompkins & Tompkins (Allerton deC. Tompkins* of counsel) for the plaintiff.
*Charles J. Wagner,* Acting Assistant Attorney General (*John J. McDermott,* special attorney), for the defendant.

Before Cline, Ekwall, and Johnson, Judges; Cline, J., not participating

Ekwall, Judge: This is a protest arising at the port of Baltimore against the collector's assessment of duty on a silver-plated tureen at 25 per centum ad valorem under paragraph 339 of the Tariff Act of 1930, as amended by the General Agreement on Tariffs and Trade, T. D. 51802, as a household utensil, plated with silver on copper. It is claimed to be free of duty under paragraph 1811 as an artistic antiquity.

The pertinent provisions of the tariff act are as follows:

Par. 339 [as amended by the General Agreement on Tariffs and Trade, T. D. 51802]. Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for   * * *

\*          \*          \*          \*          \*          \*          \*

Plated with silver but not plated in any part with platinum:
On nickel silver or copper------------------------------- 25% ad val.

Par. 1811. Works of art   * * *   artistic antiquities,   * * *   which shall have been produced prior to the year 1830, but the free importation of such objects shall be subject to such regulations as to proof of antiquity as the Secretary of the Treasury may prescribe.   * * *

When the case was called for trial, counsel for the plaintiff moved to amend the protest by adding the following:

It is further claimed that any regulations requiring a claim for duty free entry as artistic antiques under paragraph 1811, Tariff Act of 1930, to be made or filed

on entry, or before release from customs custody, or, if imported for sale, before examination for appraisement or classification purposes, are unreasonable, unwarranted, illegal, null or void; especially insofar as such regulations refer to imported merchandise found in excess on the covering invoice—Section 10.53 (f), Customs Regulations of 1943, as amended (T. D. 52084).

No objection was made to the motion and decision was reserved by the trial judge. The motion is hereby granted.

The case was submitted at the trial on an agreed statement of facts in substance as follows. The merchandise, a tureen, silver-plated on copper, was found in excess in the shipment and was not listed on the invoice or on the entry papers at the time of entry. It was first discovered by the examiner when he came to examine the merchandise for the purpose of appraisement and classification, such examination being concluded on or about June 17, 1949. The matter was called to the attention of the importer's customs broker and an attempt was made on June 29, 1949, to enter the merchandise as an artistic antiquity under paragraph 1811 by endorsement on the back of the entry. At that time, the importer filed a properly executed declaration by the owner indicating his belief that the tureen was produced prior to 1830 and a supplemental affidavit in lieu of the foreign vendor's statement concerning the place and date of origin. The tureen was obtained pursuant to a purchase or an agreement to purchase by the importer's foreign agent and was imported for sale. It was found upon examination by customs officials at Baltimore to be an artistic antiquity produced prior to 1830. All pertinent customs laws and regulations relating to free entry under paragraph 1811 were complied with, except that the importer did not make a claim for classification as an artistic antiquity at the time of entry or prior to examination by customs officials for classification and appraisement purposes, as required by section 10.53 (f), Customs Regulations of 1943, as amended by T. D. 52084. The failure to mention the tureen on the invoice and entry papers was not done for the purpose of defrauding the revenue of the United States nor for the purpose of deliberately concealing or misrepresenting facts. The failure to produce the declaration of foreign vendor, as provided in section 10.53 (a) of the Customs Regulations of 1943, was not due to lack of diligence or good faith on the part of the importer, and the information from such declaration was not required for any purpose in connection with the classification and appraisement of the merchandise by customs officials.

Since it has been stipulated that the tureen was found by customs officials to be an artistic antiquity produced prior to 1830 and that the customs regulations with regard to proof of antiquity have been complied with, the only question is whether plaintiff's recovery is precluded by its failure to make a claim for classification as an artistic

antiquity at the time of entry or prior to examination by customs officials for classification and appraisement, in accordance with section 10.53 (*f*) of the Customs Regulations of 1943, as amended by T. D. 52084. This regulation, as amended, provides:

(*f*) A claim for the free entry of an article under paragraph 1811 on the basis of antiquity may be made on the entry or filed subsequent thereto at any time before the release of the article from customs custody, if the collector is satisfied that it was not imported for sale, or, if imported for sale, at any time before the examination of the article for the purpose of appraisement or classification has begun. No claim shall be entertained, nor shall evidence as to the antiquity of the article be considered, unless submitted within that time.

A similar regulation (T. D. 44165, as amended by T. D. 44522) was involved in *M. Grieve & Co.* v. *United States*, 65 Treas. Dec. 228, T. D. 46895 (adhered to on rehearing, Abstract 29419). The court stated that the only limitation placed by paragraph 1811 on the privilege of free entry of artistic antiquities produced prior to 1830 is that, as a condition precedent, importers shall comply with regulations of the Secretary of the Treasury as to proof of antiquity thereof. Such regulations were held to be mandatory and compliance therewith a condition precedent to the right of free entry of the articles. The court held, however, that a requirement that a claim for free entry under paragraph 1811 must be made upon entry or by amendment before examination of the merchandise, bore no relation to the proof of antiquity, was promulgated under the general regulatory power given the Secretary of the Treasury under section 624, and was not mandatory. The court said (pp. 234–235):

In all cases where an importer neglects to make a claim for classification under paragraph 1811 upon his entry or by amendment thereto, the statutory right enacted in paragraph 1811 to import artistic antiquities free of duty, subject only to customs regulations as to proof of antiquity, is rendered inoperative by the aforementioned regulation published in T. D. 44522. For this reason, as well as that the said regulation is promulgated under the general power contained in section 624 and not under any specific power granted in paragraph 1811, we hold that compliance therewith is not a condition precedent to the importer's right to obtain free entry of his merchandise in a protest proceeding before this court providing he has complied with the mandatory regulations as to "proof of antiquity" and sustains his burden of proof at the trial of his case.

In *Brummer Gallery, Inc.* v. *United States*, 5 Cust. Ct. 64, C. D. 371, article 450 (*l*) of the Customs Regulations of 1931 was involved. It provided that a claim for free entry under paragraph 1811 might be made on entry or by amendment at any time prior to liquidation provided the article had not been released from customs custody. In that case, the articles had arrived as excess merchandise and were released from customs custody prior to receipt by the importer of notice of excess. A bond was given for the production of the consular invoice and the owner's affidavit, and the documents were filed prior

to the expiration of the bond. Nevertheless, the collector refused to allow free entry under paragraph 1811 because of noncompliance with the said regulation. The court cited *M. Grieve & Co.* v. *United States, supra,* and held that as paragraph 1811 conditions free entry of artistic antiquities upon compliance with regulations as to proof of antiquity only and as article 450 (*l*) exceeded that restriction, it was directory only.

On the authority of these cases, we hold that section 10.53 (*f*) of the Customs Regulations of 1943, as amended by T. D. 52084, is directory only and that compliance therewith is not a condition precedent to the plaintiff's right to obtain free entry for its merchandise in a protest proceeding, provided it has complied with the mandatory regulations as to proof of antiquity and sustains its burden of proof at the trial. Since it has been stipulated that the merchandise is an artistic antiquity produced prior to 1830 and that the mandatory regulations as to proof of antiquity have been complied with, we hold that said merchandise is entitled to free entry under paragraph 1811 of the Tariff Act of 1930. The protest is sustained and judgment will be rendered accordingly.