(C. D. 1616)

MAX ROSENBERG *v.* UNITED STATES

United States Customs Court, First Division

(Decided May 26, 1954)

*John D. Rode* (*Ellsworth F. Qualey* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*Richard E. FitzGibbon*, trial attorney), for the defendant.

Before OLIVER and MOLLISON, Judges

OLIVER, Chief Judge: The merchandise in the case at bar consists of five cases of dressed alligator leather imported from Argentina, which was entered for consumption on May 31, 1945. At the time of entry, estimated duty was deposited under paragraph 1530 (c) of the Tariff Act of 1930, at the rate of 10 per centum ad valorem for leather imported to be used in the manufacture of footwear. In the liquidation of the entry, however, duty was assessed on the merchandise at

the rate of 25 per centum ad valorem by reason of the failure of the importer to produce an affidavit of use of the leather in the manufacture of footwear within 3 years from the date of entry, the period prescribed for the filing of such affidavit under section 10.84 of the Customs Regulations of 1943. Protest is now made against the action of the collector in assessing duty at the higher rate.

Paragraph 1530 of the Tariff Act of 1930 provides:

(c)   Leather (except leather provided for in subparagraph (d) of the paragraph), made from hides or skins of animals (including fish, reptiles, and birds, but not including cattle of the bovine species), in the rough, in the white, crust, or russet, partly finished, or finished, 25 per centum ad valorem; vegetable-tanned rough leather made from goat or sheep skins (including those commercially known as India-tanned goat or sheep skins), 10 per centum ad valorem; any of the foregoing if imported to be used in the manufacture of boots, shoes, or footwear, or cut or wholly or partly manufactured into uppers, vamps, or any forms or shapes suitable for conversion into boots, shoes, or footwear, 10 per centum ad valorem.

\*        \*        \*        \*        \*        \*        \*

(g)   The Secretary of the Treasury shall prescribe methods and regulations for carrying out the provisions of this paragraph.

Section 10.84 of the Customs Regulations of 1943 provides:

**Leather for use in the manufacture of footwear.**—(a)   Leather of the kinds provided for at a rate higher than 10 percent ad valorem in paragraph 1530 (c), Tariff Act of 1930, or in any proclamation of the President supplementary thereto, may be admitted on payment of estimated duty at the rate of 10 percent ad valorem upon compliance with the following conditions:

(1)   An affidavit of the importer that the leather is imported to be used in the manufacture of boots, shoes, or other footwear shall be filed in connection with the entry.   In the case of merchandise entered for warehouse, such affidavit may be filed at the time of withdrawal, provided the declared intent existed at the time of importation.

(2)   If the leather is entered for consumption, there shall also be filed in connection with the entry a bond on customs Form 7551, 7553, or other appropriate form, with an added condition for the payment of the increased duty in the event the leather is not used in the manufacture of footwear.   Liquidation of the entry shall be suspended pending the production of proof of use.

(3)   When the leather is entered for warehouse, the regular warehouse entry bond shall be given and withdrawals shall be made on customs Form 7505. Estimated duty at the rate of 10 percent ad valorem shall be deposited at the time of withdrawal and the liquidation of the warehouse entry shall be suspended pending the production of proof of use.

(b)   Within 3 years from the date of entry (in the case of warehouse entries as well as consumption entries) the importer shall submit in duplicate an affidavit of the superintendent or manager of the manufacturing plant that the leather has actually been used in the manufacture of boots, shoes, or other footwear.
\* \* \*

(c)   Upon satisfactory proof of use of the leather in the manufacture of boots, shoes, or other footwear, the entries shall be liquidated with duty at the rate of 10 percent ad valorem.   When such proof of use is not filed within 3 years from the date of the entry or any extension of the period of the bond authorized by the

Bureau, the entry shall be liquidated at the higher rate applicable under paragraph 1530 (c). (Par. 1530 (c), (g): sec. 1, 46 Stat. 666, 667; 19 U. S. C. 1001).

It is well settled that regulations issued by the Secretary of the Treasury under a specific provision of the tariff act are mandatory, compliance with which is a condition precedent to the right accorded under the statute, provided that the regulations are reasonable and not in contravention of the statute. *United States* v. *Morris European & American Express Co.*, 3 Ct. Cust. Appls. 146, T. D. 32386; *United States* v. *R. H. Comey Brooklyn Co.*, 16 Ct. Cust. Appls. 248, T. D. 42843; *United States* v. *Browne Vintners Co., Inc.*, 34 C. C. P. A. (Customs) 112, C. A. D. 351; *United States* v. *Ricard-Brewster Oil Co.*, 29 C. C. P. A. (Customs) 192, C. A. D. 191.

Certain regulations issued under paragraph 1530 (c) of the Tariff Act of 1930, here under consideration, have been held to be mandatory. *J. E. Bernard & Co.* v. *United States*, 64 Treas. Dec. 986, Abstract 25601; *The Florsheim Shoe Co.* v. *United States*, 65 Treas. Dec. 1015, T. D. 47118; *Max Rosenberg* v. *United States*, 73 Treas. Dec. 428, T. D. 49452. The regulation under consideration in those cases had to do with the required filing at the time of entry of an affidavit of the importer that the involved leather was imported to be used in the manufacture of boots, shoes, or other footwear and also the filing in connection with the entry of a bond to secure the payment of the increased duty in the event the leather was not used in the manufacture of footwear. The pertinent regulations were held valid, and compliance with the conditions thereof constituted a condition precedent to the assessment of the lower rate. The question as to the filing, within a prescribed time limitation after entry, of affidavits of use of the imported merchandise was not passed upon in those cases.

A regulation, however, which exceeds the authority granted under the law in that it prescribes an unauthorized statute of limitations is invalid. *United States* v. *R. H. Comey Brooklyn Co., supra*; *Rich's, Inc.* v. *United States*, 28 Cust. Ct. 183, C. D. 1407; *United States* v. *Champion Coated Paper Co. et al.*, 22 C. C. P. A. (Customs) 414, T. D. 47422.

In the *Comey* case, *supra*, there was involved the validity of a regulation made pursuant to the authority granted under section 313 of the Tariff Act of 1922 relating to drawback. This regulation provided that:

In no event will identification of imported merchandise be accepted under established drawback rates when such merchandise has been entered for consumption or withdrawn from warehouse more than three years prior to the date of exportation of the product on which drawback is claimed.

The collector refused to allow drawback on the ground that the aforesaid regulation had not been complied with in that the merchandise

there in question, otherwise entitled to the benefit of drawback, was exported more than 3 years after delivery from warehouse, at which time consumption entry was made. The court in the *Comey* case, *supra*, held that the effect of the regulation was to render it impossible for claimants to obtain drawback unless the imported materials were manufactured and exported within 3 years after they were entered for consumption, inasmuch as, if proof of identification had to be made within such period, the imported materials had to be manufactured within that time.

The court in the *Comey* case, *supra*, called attention to the fact that under then-existing law the involved merchandise might remain in bonded warehouse for not more than 3 years and stated that to require that such merchandise be manufactured, identified, and exported within 3 years, would, to that extent, defeat the purpose of the drawback provision. The court thereupon held that the fixing of a time limit for identifying and exporting merchandise, which had been entered for consumption, for drawback purposes, was not within the province of the Secretary, but was the prerogative of Congress alone, and that the involved regulation was invalid, since it denied a right to the importer which Congress had granted.

In *Rich's, Inc.*, *supra*, a statute permitting free entry of artistic antiquities [paragraph 1811, Tariff Act of 1930] authorized the prescribing of regulations as to proof of antiquity only, and a regulation, imposing a time limitation within which an importer was required to make claim for free entry of merchandise as an artistic antiquity, was held to exceed the statutory restriction as to proof of antiquity, and was, therefore, directory only. Compliance therewith was not a condition precedent to recovery, and it was held that the importer was entitled to the relief accorded by the statute upon a showing at the trial that the mandatory regulation as to proof of antiquity had been complied with.

The fact that the importer in the present case has not established that he was unable to comply with the regulation here in issue, is of no consequence, if the regulation is invalid. In the *Champion Coated Paper* case, *supra*, the court stated with respect to the claims of certain appellees therein, who had not shown that they were affected by the regulation there involved:

\* \* \* We have found no legal authority which would justify a holding that any of the appellees in this consolidated appeal did not have the right to question the reasonableness of the regulation, or that would justify a holding that a regulation invalid to one class of persons affected by it is not invalid as to all others who are affected by its terms.

The reasoning employed in the *Comey Brooklyn Co.* and the *Rich's, Inc.*, cases, *supra*, is applicable with like force and effect to the situation in the case at bar. Here, as in the cited cases, the pertinent provisions

of the statute prescribe no time limitation nor does the statute confer power upon the Secretary of the Treasury to fix one by regulation. The effect of the regulation in the present case, however, is to impose a time limit within which the imported leather must be processed, since it requires proof of such manufacture within 3 years from the date of entry, in order to obtain the reduced rate accorded under the statute. Such a regulation is invalid and cannot affect the right of an importer to the reduced rate of duty accorded under paragraph 1530 (c), *supra*, upon compliance with the statutory requirement of proof that the imported leather has been used in the manufacture of footwear.

Counsel for the plaintiff in his brief, advancing other considerations in support of the claim to a reduced rate of duty on the imported merchandise, directs our attention to certain cases decided by this and our appellate court. In view of our holding that the regulation requiring the filing within 3 years from the date of entry of proof of use of the leather in the manufacture of boots, shoes, or other footwear is invalid, we deem it unnecessary to pass upon the additional propositions presented.

It is conceded in this case that all of the regulations pertaining to the importation of leather to be used in the manufacture of footwear were complied with, except for the filing of the affidavit of use within 3 years from the date of the entry. Inasmuch as we find that the regulation imposing such a time limitation is invalid, we hold that the imported leather is entitled to the reduced rate of duty of 10 per centum ad valorem accorded to such leather under paragraph 1530 (c) of the tariff act. The protest is sustained and judgment will be rendered accordingly.