**No. 58162.**—Trans-Delta Corporation v. United States, protest 203650–K (New York).

OLIVER, Chief Judge: This case relates to certain black suede kid leather imported from Mexico and entered for consumption on June 15, 1949. At the time of entry, estimated duty was deposited under paragraph 1530 (c) of the Tariff Act of 1930, at the rate of 10 per centum ad valorem, for leather imported to be used in the manufacture of footwear. In the liquidation of the entry, however, duty was assessed on the merchandise at the rate of 25 per centum ad valorem by reason of the failure of the importer to produce an affidavit of use of the leather in the manufacture of footwear within 3 years from the date of entry, the period prescribed for the filing of such affidavit under section 10.84 of the Customs Regulations of 1943. Protest is now made against the action of the collector in assessing duty at the higher rate.

There is record evidence showing that the leather in question was exclusively used in the manufacture of footwear, but the date of such usage of the present merchandise was beyond the period prescribed by the said customs regulations. Hence, the sole issue before us is whether the customs regulations, fixing a time limit within which the imported leather shall be used in the manufacture of footwear in order to obtain the benefit of a lower rate of duty, are valid.

Precisely the same issue now presented was before us in the case of *Max Rosenberg* v. *United States*, 32 Cust. Ct. 295, C. D. 1616, wherein we sustained plaintiff's

contention in holding that section 10.84 of the Customs Regulations of 1943, so far as it attempts to fix a time limit on the use of imported leather in the manufacture of footwear, is of no legal effect and is void.

Since the merchandise in question is substantially the same as that which was before the court in the *Max Rosenberg* case, *supra*, and the legal proposition now before us is identical with that presented in the said case, we, therefore, follow the reasoning employed and the conclusion reached therein and hold that the customs regulations involved in this controversy, as hereinabove identified, are invalid, and that the leather in question is dutiable at the rate of 10 per centum ad valorem under paragraph 1530 (c) of the Tariff Act of 1930, as claimed by plaintiff.

The protest is sustained and judgment will be rendered accordingly.