**No. 59971.**—Railway Express Agency v. United States, protests 225062–K and 231111–K (Galveston).

FORD, Judge: The two suits listed above challenge the action of the collector of customs in classifying certain imported merchandise as "Other wearing apparel, ornamental, embroidered and sword," and as "Other wearing apparel, Embroidered, and Sword," and in levying duty thereon at the rate of 50 per centum ad valorem and 25 per centum ad valorem, under paragraph 1529 (a) and paragraph 363 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, and the Torquay Protocol to said General Agreement, 86 Treas. Dec. 121, T. D. 52739, supplemented by Presidential proclamation, T. D. 52820, respectively.

Plaintiff claims said merchandise to be properly entitled to free entry under paragraph 1773 of the Tariff Act of 1930 as regalia and gems, where specially imported in good faith for the use and by order of any society incorporated or established solely for religous purposes, and not for sale, subject to such regulations as the Secretary of the Treasury shall prescribe.

Counsel for the defendant agreed at the trial that all the requirements of the customs regulations for free entry of the involved merchandise under said paragraph 1773 were complied with by the plaintiff herein.

At the trial, Father Smyth, a Roman Catholic priest and administrative assistant to the bishop of the Dallas-Fort Worth diocese, and also diocesan master of ceremonies for pontifical functions, testified that the entries in these two cases were made on behalf of the Sacred Heart Cathedral, which is the mother church of the Dallas-Fort Worth diocese, the church of the bishop of the diocese; that the orders of St. Gregory the Great, Pius IX, and St. Sylvester are all pontifical orders of the Roman Catholic Church and are an integral part of the church; that the involved uniforms and other regalia were delivered to the Sacred Heart Cathedral and blessed, and then placed in the custody of certain men, who had been appointed to the orders in question; that these uniforms and other regalia are not the property of these men; and that they merely have custody at the sufferance of the bishop and can wear the uniforms only at his request and with his permission at public ecclesiastical functions; that the ownership of these uniforms and other regalia remains at all times in the church.

The above unrefuted testimony brings the subject merchandise squarely within the pronouncements of this court in the case of *Hawley & Letzerich* v. *United States*, 65 Treas. Dec. 1461, Abstract 27731, wherein it was stated as follows:

> From the evidence introduced at the trial it appears that the requirements of the regulations for free entry of the merchandise were fully complied with and that duty was assessed upon the uniforms in question because the collector held that they were the personal property of individuals. It appears that the Order of the Knights of St. Gregory the Great is a part of the Catholic Church. It is an honorary order within the church established to give distinction to persons who have given outstanding service in the Catholic Church to men who belong to that faith. The honor is bestowed by the Pope upon recommendation of the bishop in recognition of distinguished services or for great virtue. The members of the church, upon whom the distinction of the order is bestowed, wear the uniforms at certain ecclesiastical public functions only. These uniforms are the insignia of rank worn upon the person and they are purchased and paid for by the church. The persons invested with the rank or office are given the custody of the uniforms and the custodians can use them only at ecclesiastical functions and are prohibited from lending or selling them. The uniforms remain the property of the church.

> From the evidence presented we hold the two uniforms of the Order of the Knights of St. Gregory the Great to be entitled to free entry under paragraph 1773 of the Tariff Act of 1930, as "regalia," and judgment will be entered directing the collector to reliquidate the entry and to refund all duty taken.

Based upon the established facts and following the cited authority, we hold all of the merchandise covered by these two suits, upon which duty was levied at 50 per centum ad valorem under paragraph 1529 (a) of the Tariff Act of 1930, or at 25 per centum ad valorem under paragraph 363 of said act, both as modified, *supra*, to be entitled to free entry under paragraph 1773 of the Tariff Act of 1930, as alleged by the plaintiff.

To the extent indicated, the specified claim in these suits is sustained; in all other respects and as to all other merchandise, all the claims are overruled. Judgment will be rendered accordingly.