BEFORE THE SECOND DIVISION, APRIL 13, 1960

**No. 64081.**—Leo J. Doyle *v.* United States, protest 59/15649–11010 (Chicago).

FORD, Judge: This suit challenges the action of the collector of customs in assessing duty on a uniform of the Order of the Knights of St. Gregory, which consists of a sword, a tunic embroidered with silver trim and sliver buttons, trousers, and hat. The tunic, trousers, and hat were classified as ornamented wearing apparel under the provisions of paragraph 1529 (a) of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and assessed with duty at the rate of 45 per centum ad valorem. The sword was classified under the provisions of paragraph 363 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and assessed with duty at the rate of 22½ per centum ad valorem.

Plaintiff claims said merchandise to be properly entitled to entry free of duty under the provisions of paragraph 1773 of the Tariff Act of 1930, as modified by Public Law 85–408, 93 Treas. Dec. 237, T.D. 54609, as regalia.

The pertinent portions of the competing statutes are set forth below:

Paragraph 363 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108:

Sword blades, and swords and side arms, irrespective of quality or use, wholly or in part of metal.    22½% ad val.

Paragraph 1529 (a) of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, *supra*:

Articles (including fabrics), ornamented:

   \*     \*     \*     \*     \*     \*     \*

Provided for in subdivision [9] of paragraph 1529 (a) : ·
   Wearing apparel (except gloves and mittens wholly    45% ad val. or in chief value of wool).

Paragraph 1773 of the Tariff Act of 1930, as modified by Public Law 85–408, 93 Treas. Dec. 237, T.D. 54609:

\* \* \*; regalia and gems, where specially imported in good faith for the use of, either by order of or for presentation (without charge) to any society incorporated or established solely for religious, philosophical, educational, scientific, or literary purposes, \* \* \*, subject to such regulations as the Secretary of the Treasury shall prescribe; but the term "regalia" as herein used shall be held to embrace only such insignia of rank or office or emblems as may be worn upon the person or borne in the hand during public exercises of the society or institution, and shall not include articles of furniture or fixtures, or of regular wearing apparel, nor personal property of individuals.

Also involved herein is section 10.43 of the Customs Regulations of 1954, which provides as follows:

Requirements on entry.—(a) The importer of articles claimed to be exempt from duty under paragraph 1631, 1773, or 1817, Tariff Act of 1930, or under the provision in paragraph 1774, Tariff Act of 1930, for articles imported by order of an institution, shall file, as evidence that such articles are entitled to free entry, a declaration on customs Form 3321 of an executive officer or other authorized representative of the institution for which the articles are imported. In the case of articles claimed to be free under paragraph 1817, a declaration of a responsible officer of the importing society or institution that the substantial equivalent of the imported article is not manufactured in the United States shall also be furnished.

Counsel for plaintiff argues in its brief that the involved merchandise is not the personal property of the importer herein and is, accordingly, regalia under the provisions of paragraph 1773, as modified, *supra*. In the brief filed on behalf of defendant, a twofold argument is presented. It is argued that the involved uniform is the personal property of the importer, and it is further argued that the failure to comply with section 10.43 of the Customs Regulations of 1954 precludes recovery in this case.

We shall first consider the contention of defendant that plaintiff herein has failed to comply with section 10.43 of the Customs Regulation of 1954. An examination of the official papers herein indicates that customs Form 3321, which is required to be filed under the provisions of said section 10.43 of the Customs Regulations of 1954, is signed by the importer but not by an executive officer or other authorized representative of the order. Accordingly, there has not been compliance with said customs regulations.

The issue for determination is thus narrowed to the questions of whether the regulation involved herein is mandatory or merely permissive and, if mandatory, is it in harmony with the statute, reasonable, uniform in operation, and equal in effect? The question as to whether a regulation is mandatory or

merely permissive has been before the court in many cases. In the recent case of *Socony Vacuum Oil Co., Inc.* v. *United States*, 44 C.C.P.A. (Customs) 83, C.A.D. 641, the appellate court cited this court's decision in that case as adequately setting forth the law applicable thereto, which states as follows:

The regulations involved herein were issued by the Secretary of the Treasury pursuant to the authority given to him by section 507 of the Tariff Act of 1930. Regulations promulgated under a specific provision of the tariff act are mandatory, and compliance therewith is a condition precedent to the right accorded by the statute. *United States* v. *Morris European & American Express Co.*, 3 Ct. Cust. Appls. 146, T.D. 32386; *United States* v. *Ricard-Brewster Oil Co.*, 29 C.C.P.A. (Customs) 192, C.A.D. 191; *United States* v. *Browne Vintners Co., Inc.*, 34 C.C.P.A. (Customs) 112, C.A.D. 351. Such regulations must be in harmony with the statute, reasonable, uniform in operation, and equal in effect. *United States* v. *Morris European & American Express Co.*, *supra*; *United States* v. *R. H. Comey Brooklyn Co.*, 16 Ct. Cust. Appls. 248, T.D. 42843. If not challenged, they have the force and effect of law. *Gallagher & Ascher* v. *United States*, 14 Ct. Cust. Appls. 38, T.D. 41548; *Thornley & Pitt a/c Earl Investment Corpn.* v. *United States*, 33 Cust. Ct. 136, C.D. 1645. In order to prevail, plaintiff must sustain the burden of proving compliance therewith or of establishing that the regulations are unreasonable or contrary to the statute. *United States* v. *McGraw Wool Co.*, 19 C.C.P.A. (Customs) 205, T.D. 45296; *United States* v. *Browne Vintners Co., Inc.*, *supra*; *Davies, Turner & Co.* v. *United States*, 25 Cust. Ct. 182, C.D. 1283.

In view of the fact that the law is well settled, as indicated, *supra*, that where the Secretary of the Treasury promulgates regulations pursuant to authority given to him under a specific provision of the Tariff Act of 1930, such regulations are mandatory and compliance therewith is a condition precedent to the right accorded by the statute.

In the instant case, under paragraph 1773 of the Tariff Act of 1930, as modified, *supra*, merchandise to be entitled to entry free of duty shall be "subject to such regulations as the Secretary of the Treasury shall prescribe." The regulations which the Secretary of the Treasury has promulgated under this provision are, in our opinion, in harmony with the statute, reasonable, uniform in operation, and equal in effect. It, therefore, follows that in order for plaintiff herein to be entitled to enter the merchandise free of duty, the regulations must be complied with.

We are not unmindful of the cases of *Hawley & Letzerich* v. *United States*, 65 Treas. Dec. 1461, Abstract 27731, and *Railway Express Agency* v. *United States*, 36 Cust. Ct. 452, Abstract 59971, wherein uniforms of the Knights of St. Gregory were held to be entitled to entry free of duty as regalia, under paragraph 1773 of the Tariff Act of 1930. While obviously the merchandise involved therein and that presently before the court are the same, these cases are distinguishable by virtue of the fact that, in both of the above cited cases, it was agreed that all customs regulations had been complied with. As indicated, *supra*, we are of the opinion that the customs regulations involved herein are mandatory, and compliance therewith is an element necessary to entitle such merchandise to entry free of duty. Failure of plaintiff herein to comply with said regulation leaves us no other alternative than to preclude his recovery of the duties assessed thereon.

The above protest is, therefore, overruled and judgment will be entered accordingly.